FILED
 2005 Feb-04  AM 09:44
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**MICHAEL CHAPMAN,**                }
                                    }
    **Plaintiff,**              }
                                    }
v.                                  }    **Case No.:  CV 04-P-3075-M**
                                    }
**GADSDEN LAWN & LANDSCAPE, et al.,** }
                                    }
                                    }
    **Defendants.**             }

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court is Plaintiff's Motion for Court Order Remanding Case to State Court (Doc. #6) filed on November 12, 2004.  Defendant EMC Property and Casualty Company ("EMC") filed its response to Plaintiff's motion to remand (Doc. #10) on January 18, 2005.  The court held a conference call on January 27, 2005.  Participants in the conference call included counsel for Plaintiff, counsel for Defendant EMC, and counsel for Defendant Red Leach & Sons Insurance ("RLS").

EMC removed this case based solely upon diversity jurisdiction.  Because the court determines that the presence of a non-diverse served defendant – namely, RLS – destroys diversity jurisdiction, there is no proper basis for the court's exercise of removal jurisdiction.  Therefore, Plaintiff's Motion for Court Order Remanding Case to State Court Remand is due to be granted.

### II.    Facts and Procedural History

Plaintiff was injured in an accident that involved a hit-and-run driver.  As he was working for his employer at the time of his injuries, Plaintiff sought to recover for his damages through

workers' compensation and uninsured motorist insurance coverage maintained by his employer. Plaintiff filed suit in Etowah County Circuit Court on August 13, 2004, against Defendants "Gadsden Lawn & Landscape, Inc.; Red Leach & Sons; also know as . . . EMC Property & Casualty Company. . . ." (Doc. #1 at Ex. A at Pl's. Compl. at 1). Documents from the state court file (that EMC attached to its removal petition) reflect that the clerk's office of the Etowah County Circuit Court issued a summons to Defendant RLS on September 3, 2004. During the telephone conference with the parties, the court learned that RLS[1] filed a motion for summary judgment in the state court action.

The Etowah County Circuit Court dismissed Defendant Gadsden Lawn & Landscape ("GLL"), Plaintiff's employer, by order signed on September 22, 2004. (Doc. #1 at Ex. B). Thereafter, on October 22, 2004, EMC removed the case to this court on the basis of diversity jurisdiction. (Doc. #1). On that same day, EMC also filed an answer. RLS did not join in the removal petition but, at the time of the removal, its motion for summary judgment remained pending.[2]

**III.   Discussion**

When removal is premised upon diversity jurisdiction, the court must find that: the parties are completely diverse; that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and that no other impediments to removal exist. *See* 28 U.S.C. § 1332; *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden of establishing subject

---

[1] All parties, through their counsel, concede RLS is an Alabama partnership.

[2] RLS's motion was not included or referenced in EMC's removal papers. However, all counsel agree that, although previously filed, the document most likely had not been transferred to the Etowah County Circuit Court's file at the time EMC petitioned for removal.

matter jurisdiction for the purposes of removal is on Defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The critical inquiry concerning this removal is whether Defendant has established complete diversity.

Plaintiff challenges Defendant EMC's removal based upon the existence of the Alabama partnership RLS as a party defendant in this litigation. (Doc. #6). As stipulated to by all the parties during the conference call, RLS has been served with the state court summons, is a party to this action, is a resident partnership, and a citizen of Alabama. Accordingly, Plaintiff's motion to remand is due to be granted for at least three reasons: (i) RLS has been served but has not joined in the removal petition (28 U.S.C. § 1446(a)); (ii) RLS is a resident of the forum state which makes the case unremovable (28 U.S.C. § 1441(b)); and (iii) RLS is an Alabama citizen and is therefore, not diverse from Plaintiff (*i.e.*, both Plaintiff and RLS are Alabama citizens). 28 U.S.C. 1332(a)(1).

EMC has asserted that it is the appropriate entity to sue for uninsured motorist benefits because it is the one which issued the insurance policy in question. (Doc. #2). Notwithstanding EMC's arguments, there is no question that RLS and EMC are separate entities. Indeed, RLS and EMC are represented by separate counsel and all counsel have agreed that EMC and RLS are distinct businesses.[3] Therefore, the court has little difficulty concluding that RLS, an Alabama partnership, is a party to this action. In fact, even if EMC's argument were correct and there is only one

---

[3]The style of Plaintiff's complaint is somewhat confusing because, in the case caption, RLS is included in a list of numerous other entities with the designation of "also known as" following the reference to RLS. EMC is one of the entities that is listed after the "also known as" terminology. However, as noted above, the record from the state court indicates that a summons was issued on September 3, 2004, to: "Red Leach & Sons Insurance, 418 Chestnut Street, Gadsden, Alabama 35901." The style on that summons is different than the style on the complaint. The Defendants listed in the summons are "Gadsden Lawn & Landscape, Inc., et al., and Red Leach & Sons Insurance, et al., Defendants."

matter jurisdiction for the purposes of removal is on Defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The critical inquiry concerning this removal is whether Defendant has established complete diversity.

Plaintiff challenges Defendant EMC's removal based upon the existence of the Alabama partnership RLS as a party defendant in this litigation. (Doc. #6). As stipulated to by all the parties during the conference call, RLS has been served with the state court summons, is a party to this action, is a resident partnership, and a citizen of Alabama. Accordingly, Plaintiff's motion to remand is due to be granted for at least three reasons: (i) RLS has been served but has not joined in the removal petition (28 U.S.C. § 1446(a)); (ii) RLS is a resident of the forum state which makes the case unremovable (28 U.S.C. § 1441(b)); and (iii) RLS is an Alabama citizen and is therefore, not diverse from Plaintiff (*i.e.*, both Plaintiff and RLS are Alabama citizens). 28 U.S.C. 1332(a)(1).

EMC has asserted that it is the appropriate entity to sue for uninsured motorist benefits because it is the one which issued the insurance policy in question. (Doc. #2). Notwithstanding EMC's arguments, there is no question that RLS and EMC are separate entities. Indeed, RLS and EMC are represented by separate counsel and all counsel have agreed that EMC and RLS are distinct businesses.[3] Therefore, the court has little difficulty concluding that RLS, an Alabama partnership, is a party to this action. In fact, even if EMC's argument were correct and there is only one

---

[3]The style of Plaintiff's complaint is somewhat confusing because, in the case caption, RLS is included in a list of numerous other entities with the designation of "also known as" following the reference to RLS. EMC is one of the entities that is listed after the "also known as" terminology. However, as noted above, the record from the state court indicates that a summons was issued on September 3, 2004, to: "Red Leach & Sons Insurance, 418 Chestnut Street, Gadsden, Alabama 35901." The style on that summons is different than the style on the complaint. The Defendants listed in the summons are "Gadsden Lawn & Landscape, Inc., et al., and Red Leach & Sons Insurance, et al., Defendants."

Defendant remaining in this lawsuit, it is clear that such party is RLS, not EMC.

IV.     **Conclusion**

Based upon the foregoing analysis, Plaintiff's Motion for Court Order Remanding Case to State Court is due to be granted.  The court will enter an appropriate order remanding this case to the Circuit Court of Etowah County, Alabama.

**DONE** and **ORDERED** this ____4th____ day of February, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE